IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILLIAM ALEXANDER BYARS, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 4:09-CV-81 (CDL) |
| HARTFORD CASUALTY INSURANCE COMPANY, as known as The Hartford Insurance Company, | * |
| Defendant. | * |

O R D E R

Plaintiff alleges that he was insured under a business insurance policy issued by Defendant.  Plaintiff filed this action in the State Court of Muscogee County, Georgia, seeking to recover $75,000 plus reasonable attorney's fees based on Defendant's alleged failure to pay for Plaintiff's losses in accordance with the insurance policy. (Compl. 2.)  Defendant removed the action to this Court, contending that diversity jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  (Notice of Removal ¶ 4.) Plaintiff now moves to remand, arguing that the amount in controversy does not exceed $75,000.  For the reasons set forth below, Plaintiff's Motion to Remand (Doc. 3) is denied.

Plaintiff alleges in the Complaint that he suffered losses of $79,392.77 and that Defendant failed to pay for those losses as required under the insurance policy.  (Compl. ¶¶ 6, 9, 11.)  These allegations alone establish that the amount in controversy is greater

than $75,000.  Plaintiff contends, however, that the amount in controversy does not exceed $75,000 because he asks for only $75,000 in his prayer for relief, plus reasonable attorney's fees. (Compl. 2; Pl.'s Mot. for Remand ¶ 1.)  Even if Plaintiff had not specifically alleged that he suffered losses of more than $75,000, his Complaint on its face seeks damages in excess of $75,000 because Plaintiff asks for $75,000 *plus* attorney's fees.  If attorney's fees are provided for by statute or contract, then a claim for attorney's fees counts towards the amount in controversy.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); *accord Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. Unit A Mar. 1981). Under Georgia law, the avenue for obtaining attorney's fees for an insurance company's denial of benefits is O.C.G.A. § 33-4-6, which requires a showing of bad faith.[1]  *See United Servs. Auto. Ass'n v. Carroll*, 226 Ga. App. 144, 148, 486 S.E.2d 613, 617 (1997) ("O.C.G.A. § 33-4-6 is the exclusive remedy for bad faith denial of benefits so that litigation expenses under O.C.G.A. § 13-6-11 are not recoverable."); *cf.* O.C.G.A. § 13-6-11 (providing that litigation expenses are not generally allowed as part of damages unless the

---

[1] Perhaps recognizing that statutory attorney's fees count towards the amount in controversy and seeking to avoid invoking O.C.G.A. § 33-4-6, Plaintiff contends that he is not requesting a "monetary reward for bad faith." (Pl.'s Mot. for Remand 4.)  Nonetheless, Plaintiff seeks attorney's fees as part of his damages.  Generally, such fees are only available via statute, such as O.C.G.A. § 33-4-6, which requires a showing of bad faith.  *See LaRoche Indus., Inc. v. AIG Risk Mgmt., Inc.*, 959 F.2d 189, 192 (11th Cir. 1992) (noting that attorney's fees are generally not allowed under Georgia law unless a statute provides for them).

defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense).  Here, because a statute provides for the attorney's fees sought by Plaintiff, Plaintiff's claim for attorney's fees counts towards the amount in controversy.  Accordingly, the Court concludes that the amount in controversy exceeds $75,000.  Plaintiff's Motion to Remand (Doc. 3) is therefore denied.

    IT IS SO ORDERED, this 23rd day of September, 2009.


                                      <u>S/Clay D. Land</u>
                                           CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE